UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FREDERICK J. CALATRELLO, REGIONAL DIRECTOR, REGION 8 OF THE NATIONAL LABOR RELATIONS BOARD, FOR AND ON BEHALF OF THE NATIONAL LABOR RELATIONS BOARD, <br><br>　　　　Petitioner, <br><br>　v. <br><br>DHSC, LLC D/B/A AFFINITY MEDICAL CENTER, <br><br>　　　　Respondent. | ) CASE NO. 5:13 CV 1538 <br>) <br>) <br>) JUDGE JOHN R. ADAMS <br>) <br>) ORDER <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) |

This matter is before the Court on Petitioner Frederick Calatrello's Petition for Injunctive Relief Under Section 10(j) of the National Labor Relations Act ("NLRA"), seeking relief against DHSC, LLC. Docs. 1 & 3. DHSC, LLC responded in opposition to the petition on August 12, 2013. Doc. 5. Petitioner replied in support of its petition on August 30, 2013. Doc. 12. For the reasons stated herein, the Petition for injunctive relief is GRANTED.

　I.　Facts

Petitioner Frederick J. Calatrello, the Regional Director for Region 8 of the National Relations Board, filed this petition pursuant to Section 10(j) of the National Labor Relations Act. The petition seeks injunctive relief pending final disposition before the NLRB on charges filed by the National Nurses Organizing Committee (the "Union"). On July 1, 2013, an Administrative Law Judge ("ALJ") issued a decision finding that Respondent has violated:

　　(i) Section 8(a)(5) and 8(a)(1) of the Act by failing to recognize and bargain with the Union;

(ii) Section 8(a)(1) of the Act by denying the Union and Union organizer Michelle Mahon access to all areas of its property;

(iii) Section 8(a)(1) by threatening to plaster Assignment Despite Objection (ADO) forms on the forehead of any employee who submitted a form; more closely scrutinizing patient charts; stating how much its agent Susan Kress would enjoy disciplining a prominent union supporter; and by retaliating against employees by reducing the number of nurses in the ICU.

(iv) Section 8(a)(3) and (1) of the Act by disciplining Ann Wayt, terminating her employment and reporting her to the Ohio State Board of Nursing.

Doc. 1-3 at 115-116.

## II. Law and Analysis

Petitions for injunctive relief brought under Section 10(j) are subordinate to the unfair labor practice proceedings to be heard before the National Labor Relations Board ("NLRB"). *Fleischut v. Nixon Detroit Diesel, Inc.*, 859 F.2d 26, 28 (6th Cir. 1988). "The district courts in their analysis under 10(j) are not to adjudicate the merits of the unfair labor practice case." *Id.* To issue a § 10(j) injunction, the district court first must find that there is "reasonable cause" to believe that the respondent has committed unfair labor practices. *Id.* at 29. Second, if reasonable cause exists, this court must determine whether injunctive relief is "just and proper." *Id.* An injunction may be granted only if both of these steps are met.

Petitioner's burden to establish "reasonable cause" is "relatively insubstantial." *Id.* Petitioner "need not prove a violation of the NLRA nor even convince the district court of the validity of the [NLRB]'s theory of liability; instead, he need only show that the [NLRB]'s legal 'theory is substantial and not frivolous.'" *Schaub v. West Michigan Plumbing & Heating, Inc.*, 250 F.3d 962, 969 (6th Cir. 2001) (citations omitted).  This Court need not resolve conflicting evidence between the parties. *See Fleischut*, 859 F.2d at 29 (stating that the appellant's appeal did not seriously challenge whether reasonable cause exists; instead, it simply showed that a

conflict in the evidence exists); *Gottfried v. Frankel,* 818 F.2d 485, 494 (6th Cir. 1987) (same). Instead, there need only be facts which could support the NLRB's theory. *Fleischut*, 859 F.2d at 29; *Gottfried*, 818 F.2d at 494.

With respect to the just and proper prong of the Court's review, the Sixth Circuit has noted as follows:

> In determining whether injunctive relief under § 10(j) of the Act is just and proper, the principal consideration is whether, under the circumstances of the case, judicial action is in the public interest.
>
> Interim judicial relief is warranted whenever the circumstances of a case create a reasonable apprehension that the efficacy of the [NLRB]'s final order may be nullified, or the administrative procedures will be rendered meaningless. In such cases, preservation and restoration of the status quo are then appropriate considerations in granting temporary relief pending determination of the issues by the [NLRB].

*Sheeran v. American Commercial Lines, Inc.*, 683 F.2d 970, 979 (6th Cir. 1982) (alterations, citations, and quotations omitted).

This Court has previously discussed the deference given to an ALJ's decision:

> Given the nature of the ALJ's decision, the Court is hard pressed to reach any conclusion other than a conclusion that Petitioner has reasonable cause to bring this action. The Court readily acknowledges that the ALJ's factual findings are not binding on this Court. However, given the "relatively insubstantial" burden on Petitioner to warrant injunctive relief, the Court finds that the first prong has been met.

*Calatrello v. American Bottling Co., Inc.*, 2011 WL 5362084, *2 (N.D.Ohio November 03, 2011).

**Reasonable Cause**

Respondent argues that reasonable cause has not been established to show that:

1. Respondent violated the NLRA by failing to bargain with the Union because the certification of the Union is invalid;

2. Respondent violated the NLRA by failing to recognize and bargain with the Union because the Union caused Respondent's breach of the agreement;

3. Respondent engaged in an unfair labor practice with regard to Ms. Wayt; and

4. Respondent engaged in an unfair labor practice by denying the Union and specifically Union organizer Michelle Mahon access to Respondent's facility.

The Court has reviewed the evidence submitted, the ALJ's decision, and has also reviewed the parties' arguments in support of and opposing the injunctive relief.  Based upon the full record before this Court, the Court finds that Petitioner has reasonable cause to believe that Respondent violated the NLRA.

First, there is no dispute that Respondent failed to recognize and bargain with the Union. Respondent's defense is that the NLRB's certification of the Union was improper.  The ALJ disagreed.  Doc. 1-3 at 86-88.  The record shows that the Regional Director issued the certification.  The Regional Director has the authority to issue the certification under Section 3(b) of the NLRA and Sec. 101.19 of the NLRB's Rules and Regulations. Accordingly, there is sufficient evidence to conclude that the certification of the Union was valid and that Respondent committed an unfair labor practice by failing to bargain with the Union.

Second, Respondent argues that its breach of the agreement was caused by the Union and therefore not a violation of the NLRA. In support, Respondent asks this Court to review evidence not presented to the ALJ.  The Court will not consider the new evidence submitted by Respondent.  However, even if the Court considered the proffered evidence, it would only serve to contradict evidence presented by Petitioner to the ALJ.  Because it is not this Court's duty to resolve conflicting facts, see *Fleischut*, 859 F.2d at 29, the proffered evidence would not alter the Court's decision to grant the petition.

Third, the evidence supports the ALJ's finding that Respondent engaged in unfair labor practices with regard to Ms. Wayt. In summary, Respondent disciplined Ms. Wayt in manners inconsistent with the disciplinary actions taken against other persons with similar alleged violations and disproportionate to the offense level. For example, Ms. Wayt received a written warning for failing to comply with Respondent's Drug Distribution Policy, but the evidence demonstrates that no violation occurred. Furthermore, Respondent terminated Ms. Wayt and reported her to the Ohio Nursing Board for her first (alleged) offense. The evidence shows that with one exception, nurses were repeatedly treated more leniently for more serious and repeated misconduct. Although Respondent argues that "the record before the Court demonstrates sufficient basis to determine the absence of such cause," Doc. 5 at 21, it provides no basis for this Court to determine that the ALJ's conclusion is frivolous. The evidence demonstrates reasonable cause to determine that Respondent engaged in an unfair labor practice with regard to Ms. Wayt.

Fourth, Petitioner established reasonable cause that Respondent engaged in an unfair labor practice by denying union organizer Michelle Mahon access to its facility. Respondent justifies barring Mahon from its facility on the grounds the Mahon violated the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"). This Court agrees with the ALJ's analysis and conclusion that Mahon's letter did not violate HIPPA and that Respondent denied Mahon access to its facility not for reasons related to its legitimate business concerns, but rather to inhibit employees' union activities.

The Court must now determine whether injunctive relief is just and proper. The Court answers this question in the affirmative. Respondent opposes the request for injunctive relief on the basis that (1) there was an agreement between Respondent and the Union which serves to

prevent this Court from granting injunctive relief; and (2) the special characteristic of health care institutions should be considered and would prevent the injunctive relief. The Court agrees with Petitioner that Respondent's arguments are outside the factors of this Court's review.

Assuming for the sake of argument that any underlying agreement is valid, the Court has found no legal authority to suggest that the parties can strip this Court of its powers.  Moreover, such a conclusion would significantly undermine the stated purpose of the NLRA.  Accordingly, the Court declines to adopt any such argument as raised by the Respondent.

Furthermore, there is nothing in the relief sought by Petitioner that would cause the need to analyze the institutional setting.  For example, enjoining the hospital from violating the NLRA will not in any manner impact the services or residents of the hospital.  As a result, the hospital setting provides no basis for limiting the relief that has been sought in this case.  Accordingly, the two specific arguments raised by Respondent provide no basis to deny injunctive relief.

Injunctive relief is "just and proper" if it is necessary to return the parties to the status quo pending the NLRB's processes in order to protect the NLRB's remedial powers under the NLRA.  *See Sheeran*, 683 F.2d at 979; *Gottfried v. Frankel*, 818 F.2d at 485.  Petitioner's requested relief serves merely to preserve the status quo pending the outcome of the NLRB's final decision. The Court finds that all of the relief recommended by the ALJ is appropriate and necessary to preserve the status quo.

III. Conclusion

For the reasons stated herein, Petitioner Frederick J. Calatrello's petition for injunctive relief is hereby GRANTED.  The Court orders the following relief:

1.  Respondent, its officers, agents, servants, representatives, successors, and assigns, and all persons acting in concert or participation with them, pending the final disposition of the matters herein pending before the Board, are hereby ORDERED to cease and desist from:

(a) Disciplining, discharging and reporting its employees to the State Board of Nursing because of their Union activities, sympathies, or support.

(b) Refusing to recognize and bargain with the Union.

(c) Denying the Union and Union organizer Michelle Mahon access to all areas of its property.

(d) Scrutinizing employees' work in view of employees.

(e) Telling employees that they would enjoy disciplining known union supporters.

(f) Threatening to harm employees who submit Assignment Despite Objection Forms.

(g) Imposing more onerous working conditions on employees because the employees engaged in protected concerted and/or union activities.

(h) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them under Section 7 of the National Labor Relations Act.

2. Respondent, its officers, agents, servants, representatives, successors, and assigns, and all persons acting in concert or participation with them, pending the final disposition of the matters herein pending before the NLRB, are hereby ORDERED to

(a) Recognize, and upon request, bargain in good faith with the Union as the exclusive collective bargaining representative of the employees concerning their wages, hours and other terms and conditions of employment;

(b) Within five days of this Order offer, in writing, immediate interim reinstatement to Ann Wayt to her former job, at her previous wages and other terms or conditions of employment,

displacing if necessary any worker(s) hired or transferred to replace her, or if her former job no longer exists, to a substantially equivalent position, without prejudice to her seniority or any other rights or privileges previously enjoyed and not give effect to the discipline issued to her that is the subject of the complaint;

(c) Temporarily expunge from Ann Wayt's personnel file any reference to the discipline and discharge alleged in the Complaint;

(d) Retract the report made to the Ohio State Board of Nursing concerning Ann Wayt.

(e) Cease and desist from interfering with, restraining, coercing, threatening, retaliating against and interrogating employees because of the exercise of their Section 7 rights.

3. Respondent shall post copies of this Order at the Respondent's Massillon, Ohio facility in all locations where notices to employees are customarily posted. Such postings shall be maintained during the NLRB's administrative proceeding free from all obstructions and defacements, and agents of the NLRB shall be granted reasonable access to Respondent's Massillon, Ohio facility to monitor compliance with this posting requirement;

4. Within ten days of this Order, Angela Boyle, Vice President of Human Resources or the highest ranking management official of Respondent's Massillon, Ohio facility shall read this Order to Respondent's employees, as described in paragraph 14 of the Petition, employed at the Massillon, Ohio facility during employees' paid work time, in the presence of an NLRB Agent at a time and date selected by Petitioner to ensure the widest possible attendance of Respondent's employees, absent mutual agreement between Petitioner and Respondent. At the Respondent's option, the Court's Order may be read to employees by an NLRB Agent in the presence of a responsible official of the Respondent.

5. Within 20 days of the issuance of this Order, Respondent shall file an affidavit of compliance with the District Court, with service of a copy upon the Regional Director of Region 8 of the NLRB, describing with specificity all steps Respondent has taken to comply with the terms of this Order.

IT IS SO ORDERED.

| | |
|---|---|
| January 22, 2014 | /s/ Judge John R. Adams |
| Date | JUDGE JOHN R. ADAMS |
| | UNITED STATES DISTRICT COURT |